**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

ANTONIO JOHNSON,                    :    Case No. 1:23-cv-39
                                    :
        Plaintiff,                  :
                                    :
                                    :    Judge Matthew W. McFarland
vs.                                 :    Magistrate Judge Karen L. Litkovitz
                                    :
ODRC, *et al.*,                     :
                                    :
        Defendants.                 :

---

**ORDER and**
**REPORT AND RECOMMENDATION**

---

Antonio Johnson, a state prisoner proceeding *in forma pauperis* and without the assistance of counsel, has filed a civil rights action in this Court.  The matter is before the Undersigned for an initial screening of the Complaint as required by law.  28 U.S.C. § 1915A(a); 28 U.S.C. § 1915(e)(2).

For the reasons that follow, the Undersigned concludes that Plaintiff's Eighth Amendment claims against Defendants Sgt. Jason Taylor, Officer Borders, Lt. Bauer, Officer Stringer, Officer John Doe, and ALP Mr. Conley may **PROCEED** to further development.  The Undersigned **RECOMMENDS** that the remaining claims be **DISMISSED**.

I.      **Initial Screening Standard**

Because Plaintiff is a prisoner seeking "redress from a governmental entity or officer or employee of a governmental entity," and is proceeding *in forma pauperis* (*see* Doc. 5), the Court is required to conduct an initial screening of his Complaint.  28 U.S.C. § 1915A(a); 28 U.S.C. § 1915(e)(2).  The Court must dismiss a complaint, or any portion of it, that is frivolous, malicious,

fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b) and 1915(e)(2).

To state a claim for relief, a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court must construe a complaint in plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). However, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Id*. (quoting *Twombly*, 550 U.S. at 555).

In the interest of justice, this Court is also required to construe a pro se complaint liberally and to hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) and citing Fed. R. Civ. P. 8(f) [now (e)]). Even with such a liberal construction, a pro se complaint must still adhere to the "basic pleading essentials." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Specifically, a pro se "complaint 'must contain either direct or inferential allegations respecting all the material elements' to recover under some viable legal theory." *Barhite v. Caruso*, 377 F. App'x 508, 510 (6th Cir. 2010) (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

## II.  Parties and Claims

Plaintiff Antonio Johnson is a prisoner in the custody of the Ohio Department of

Rehabilitation and Correction (ODRC), currently incarcerated at the Southern Ohio Correctional

Facility (SOCF).  (Complaint, Doc. 1, PageID 3).  Plaintiff sues fourteen Defendants, all of

whom are affiliated with the ODRC and/or SOCF:

1. ODRC

2. Annette Chambers-Smith, Director of the ODRC

3. Ronald Erdos, Acting Superintendent/Warden of SOCF

4. Linea Mahlman, Institutional Inspector at SOCF

5. Sgt. Jason Taylor, at SOCF

6. Officer Borders, at SOCF

7. Officer Crabtree, at SOCF

8. Lt. Bauer, at SOCF

9. Lt. B. Williams, at SOCF

10. Officer Stringer, at SOCF

11. Officer John Doe, at SOCF

12. Lt. John Doe, at SOCF

13. Larry Greene (or Green), Warden's Assistant/Records Coordinator at SOCF

14. Mr. Conley, ALP in Medical at SOCF

(Doc. 1, PageID 1-2, 4-6).  Defendants are sued in their individual and official capacities.  (Doc.

1, PageID 6).

Plaintiff labels his claims against the ODRC, Director Chambers-Smith, and Warden

Erdos as a "Failure to Protect From Harm," but he does not assert any facts with respect to them.

(Doc. 1, PageID 4).  He alleges that Institutional Inspector Mahlman violated ODRC policy,

3

Ohio law, and his First Amendment right to seek redress when she denied his complaint or grievance. (*Id.*, PageID 6). It appears that his complaint or grievance may have been related to his allegations against several correctional officers at SOCF.

Specifically, Plaintiff alleges that Sgt. Jason Taylor and Officer Borders used excessive force against him by spraying him with OC spray (mace) after he covered his cell window for privacy to use the bathroom. (Doc. 1, PageID 7). Plaintiff panicked, slipped on the mace, fell, and hit his head. (*Id.*). When he got up and tried to comply with their instructions, he was sprayed a second time. (*Id.*). He asserts that this incident violated ODRC policy and his Eighth Amendment rights. (*Id.*).

With respect to Officer Crabtree, Plaintiff alleges that he used a racial slur and threatened to come into Plaintiff's cell to "hang" him when Plaintiff was on a hunger strike. (Doc. 1, PageID 8). Plaintiff does not allege that Officer Crabtree took any action against him after these comments, but instead that Officer Crabtree closed the cell door and walked away without locking it. (*Id.*). Plaintiff asserts that this incident violated ODRC policy, Ohio law, and his Eighth Amendment rights. (*Id.*).

Plaintiff asked to talk to a lieutenant. (Doc. 1, PageID 8). He alleges that Lieutenant Bauer approached his cell and, without any verbal commands and while Plaintiff had his hands on the wall, emptied an entire can of OC spray into Plaintiff's cell, causing him to lose his breath and to begin to lose consciousness, falling and injuring his head, neck, and back. (Doc. 1, PageID 8). He asserts that Lieutenant Bauer violated his Eighth Amendment rights. (*Id.*).

Plaintiff alleges that Officer Stringer and Officer John Doe escorted him from one location to another:

> while twisting and Pulled my Wrist and thumbs like a "Joystick" to the Point I lost feeling and I was repeatedly slam[m]ed to the ground and drag[g]ed down the

4

hallway to the Point my right knee was fat and swollen and my neck and back was in [extreme] pain.

(Doc. 1, PageID 9). He alleges that this incident violated his Eighth Amendment rights. (*Id*.).

Plaintiff was taken for medical care a few days later and saw ALP Mr. Conley. (Doc. 1, PageID 9). Although Plaintiff described his extreme pain and the injuries to his thumb, wrist, neck, back, and knee, Mr. Conley did not order x-rays or MRIs. (*Id*.). Mr. Conley gave Plaintiff ibuprofen and "sent me on my way to suffer in Pain." (*Id*.). Plaintiff alleges that this incident violated his Eighth Amendment rights.

Plaintiff further alleges that Larry Greene, the Warden's Assistant/Records Coordinator at SOCF, violated ODRC policy and Ohio law when he refused to provide Plaintiff with copies of use-of-force reports. (Doc. 1, PageID 10).

Plaintiff brings his claims under 42 U.S.C. § 1983. (Doc. 1, PageID 3). He seeks declaratory and injunctive relief, as well as monetary damages. (Doc. 1, PageID 3, 11-12).

## III. Discussion

At this stage of the proceedings, without the benefit of an answer or other briefing, the Undersigned concludes that Plaintiff's claims under the Eighth Amendment:

(1) against Sgt. Jason Taylor and Officer Borders (Doc. 1, PageID 7);

(2) against Lt. Bauer (Doc. 1, PageID 8);

(3) against Officer Stringer and Officer John Doe (Doc. 1, PageID 9); and

(4) against ALP Mr. Conley (Doc. 1, PageID 9)

may **PROCEED** to further development. *See Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994); *Blackmore v. Kalamazoo Cnty*., 390 F.3d 890, 895 (6th Cir. 2004) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).

The remaining claims should be dismissed.

5

**First**, the ODRC is not a proper defendant. "Section 1983 creates liability for 'persons' who deprive others of federal rights under color of law. Only a 'person' faces liability under the statute." *Hohenberg v. Shelby Cnty., Tenn.*, 68 F.4th 336 (6th Cir. 2023) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989)). The ODRC is not a "person." *See Vizcarrondo v. Ohio Dep't of Rehab. & Corr.*, No. 1:18-cv-1255, 2019 WL 6251775, at *5 (N.D. Ohio Nov. 22, 2019) (noting "multiple courts have found that ODRC is not a 'person' subject to suit under 42 U.S.C. § 1983."); *Peeples v. Ohio Dep't of Rehab. & Corr.*, 64 F.3d 663 (6th Cir. 1995) (affirming the district court's dismissal of suit against the ODRC that held that "the ODRC is not a 'person'") (unreported table case). All claims against the ODRC should be dismissed.

**Second**, all claims for monetary damages against the remaining Defendants in their official capacities should be dismissed because they are barred by the Eleventh Amendment to the United States Constitution. *Maben v. Thelen*, 887 F.3d 252, 270 (6th Cir. 2018). "While personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law, individuals sued in their official capacities stand in the shoes of the entity they represent." *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)) (cleaned up). Thus, "[a] suit against an individual in his official capacity is the equivalent of a suit against the governmental entity." *Matthews v. Jones,* 35 F.3d 1046, 1049 (6th Cir. 1994) (citing *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 68 (1989)). Plaintiffs' claims here against Defendants in their official capacities are the same as claims against the State of Ohio. (Doc. 1, PageID 4-6).

Claims for damages against the State of Ohio are barred by the Eleventh Amendment, which "denies to the federal courts authority to entertain a suit brought by private parties against a state without its consent." *Maben*, 887 F.3d at 270 (quoting *Ford Motor Co. v. Dep't of*

6

*Treasury of Indiana*, 323 U.S. 459, 464 (1945)). "The [United States Supreme] Court has held that, absent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court." *Maben*, 887 F.3d. at 270, (quoting *Graham*, 473 U.S. at 169). Here, "because Ohio has not consented to suits in federal court nor has Congress abrogated Ohio's immunity under § 1983," the State of Ohio has immunity for claims against it. *Smith v. DeWine*, 476 F. Supp. 3d 635, 652 (S.D. Ohio 2020) (citing *Ohio v. Madeline Marie Nursing Homes # 1 & # 2*, 694 F.2d 449, 460 (6th Cir. 1984) and *Giles v. Univ. of Toledo*, 478 F. Supp. 2d 924, 960-61 (N.D. Ohio 2007)). This immunity "extends to state officials sued in their official capacity" for monetary damages, such as is pursued here. *Smith v. DeWine*, 476 F. Supp. 3d at 650-51. Accordingly, Plaintiff's claims for monetary damages against Defendants in their official capacities should be dismissed.

**Third**, the claims against Director Chambers-Smith and Warden Erdos should be dismissed because Plaintiff does not allege that they were personally involved in the events described in the Complaint or can otherwise be held responsible. (*See* Doc. 1, PageID 4). "It is well settled that a defendant cannot be held liable under 42 U.S.C. § 1983 for alleged constitutional violations absent a showing that the defendant was personally involved in some manner in the allegedly unconstitutional conduct." *Williams v. Hodge*, No. 3:08-cv-387, 2009 WL 47141, at *3 (M.D. Tenn. Jan. 7, 2009) (citing *Hardin v. Straub*, 954 F.2d 1193, 1196 (6th Cir. 1992)). In other words, Warden Erdos cannot be held responsible simply because he was the Warden at the institution where the events allegedly occurred. *Hodge,* 2009 WL 47141, at *4 (defendant's position as warden "cannot form the basis for a claim of individual liability").

> "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability." *Hinton v. Skipper*, No. 1:21-cv-480, 2021 WL 4859744, at *2 (W.D. Mich. Oct. 19, 2021) (citing *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*,

7

436 U.S. 658, 691(1978); and *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009)). Rather, individuals sued in their personal capacity under § 1983 are liable only for their own unconstitutional behavior. *Hollis v. Erdos*, 480 F. Supp. 3d 823, 833 (S.D. Ohio May 12, 2020) (citing *Murphy v. Grenier*, 406 F. App'x 972, 974 (6th Cir. 2011)).

Similarly, "a supervisor cannot be held liable simply because he or she was charged with overseeing a subordinate who violated the constitutional rights of another." *Peatross v. City of Memphis*, 818 F.3d 233, 241 (6th Cir. 2016) (citing *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006)). For such a claim to proceed, "a plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Crawford v. Tilley*, 15 F.4th 752, 761 (6th Cir. 2021) (quoting *Garza v. Lansing Sch. Dist.*, 972 F.3d 853, 865 (6th Cir. 2020)) (cleaned up). [Plaintiff] has not pled any such facts here.

*Carswell v. Edwards*, No. 2:23-cv-167, 2023 WL 3114708, at *5 (S.D. Ohio Apr. 27, 2023), *report and recommendation adopted,* 2023 WL 3653319 (S.D. Ohio May 24, 2023). The same is true here; the Complaint does not give any reasons why Director Chambers-Smith or Warden Erdos could be held responsible in either their individual or official capacities. (*See* Doc. 1, PageID 4 (simply alleging that they are "legally responsible")). The claims against them should be dismissed.

**Fourth**, the claim against Linnea Mahlman for denying Plaintiff's complaint or grievance should be dismissed. (Doc. 1, PageID 6). "The mere denial of a prisoner's grievance states no claim of constitutional dimension." *Alder v. Corr. Med. Servs.,* 73 F. App'x 839, 841 (6th Cir. 2003). And, "[t]he 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). This is because a § 1983 claim requires a plaintiff to allege the deprivation of a *constitutional* or federal right. *LaFlame v. Montgomery Cnty. Sheriff's Dep't*, 3 F. App'x 346, 348 (6th Cir. 2001). But "there is no inherent constitutional right to an effective prison grievance procedure." *Argue v.*

*Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003). Without a constitutional right to point to, a plaintiff cannot allege the denial of a constitutional right. The claim against Defendant Mahlman based solely on the denial of Plaintiff's complaint or grievance should therefore be dismissed. *See Lee v. Mich. Parole Bd.*, 104 F. App'x. 490, 493 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance.").

**Fifth**, to the extent that Plaintiff alleges certain Defendants violated state law or ODRC policy, those allegations do not support a § 1983 claim. (*See* Doc. 1, PageID 6 (Linnea Mahlman); PageID 7 (Sgt. Jason Taylor and Officer Borders); PageID 8 (Officer Crabtree), PageID 10 (Larry Greene)). Section 1983 does not provide a remedy for alleged violations of state laws or regulations. *See Williams v. Burgess*, No. 5:21-cv-99, 2021 WL 5816830, at *4 (W.D. Ky. Dec. 7, 2021) (citing *Laney v. Farley*, 501 F.3d 577, 580 n.2 (6th Cir. 2007)) ("The purpose of § 1983 is to remedy violations of federal law, not state law."); *Lewellen v. Metro. Gov't of Nashville*, 34 F.3d 345, 347 (6th Cir. 1994) ("Unless a deprivation of some federal constitutional or statutory right has occurred, § 1983 provides no redress . . ."). "Courts routinely have recognized that a prisoner does not enjoy any federally protected liberty or property interest in state procedure." *White v. Perron*, No. 2:20-cv-247, 2021 WL 3855589, at *9 (W.D. Mich. Aug. 30, 2021) (citing *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983) and other cases). Thus, the "Defendants' alleged failure to comply with [a state] administrative rule or policy does not itself rise to the level of a constitutional violation." *Williams v. Burke*, No. 2:08-cv-123, 2009 WL 1788374, at *1 (W.D. Mich. June 18, 2009) (collecting cases). The claims that Defendants Mahlman, Taylor, Borders, Crabtree, and Greene violated ODRC policy or state law should therefore be dismissed.

**Sixth**, the claim against Officer Crabtree based on alleged harassing and threatening language should be dismissed.  "Harassing or degrading language by a prison official, while unprofessional and despicable, does not amount to a constitutional violation."  *Mallory v. Smith*, No. 3:17-cv-P253, 2017 WL 3484690, at *3 (W.D. Ky. Aug. 14, 2017) (collecting cases); *Wingo v. Tenn. Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) (per curiam) (citing *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987)) ("Verbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief.").  Likewise, "verbal harassment or threats by prison officials toward an inmate do not constitute punishment within the meaning of the Eighth Amendment."  *Snelling v. Smith*, No. 1:16-cv-656, 2016 WL 6518264, at *6 (W.D. Mich. Nov. 3, 2016) (citing *Ivey*, 832 F.2d at 955). This includes the use of racial slurs.  *See Millay v. Wiggins*, No. 4:21-cv-P116, 2021 WL 5763562, at *2 (W.D. Ky. Dec. 3, 2021) (and cases cited therein) (defendant's use of a racial slur was "unprofessional and deplorable" but "fails to give rise to a constitutional claim").  Here, while the Court does not approve of this alleged behavior, the allegation that Defendant Crabtree made harassing or threatening comments does not itself state a § 1983 claim.

**Seventh**, the allegations against Lieutenant B. Williams are inadequate to state a claim. The only mention of Defendant Williams that the Undersigned can locate in the Complaint is that he was "called by Officer M. Dotson because of my 2nd cell door was open an[d] I was outside of it requesting a [Lieutenant]."  (Doc. 1, PageID 8).  There is no allegation that Williams responded to the call, or was present during the events that followed, or took any other action with respect to Plaintiff.  As there is no allegation that Defendant Williams was personally involved in the events, there is no plausible claim stated, and any claim against Williams should be dismissed.  *Hodge*, 2009 WL 47141, at *3.

10

**Eighth**, the Undersigned cannot locate any allegations in the Complaint about Lieutenant John Doe. (Doc. 1, PageID 2, 5). A plaintiff suing several defendants must describe in the complaint how each defendant violated his or her rights. "The Sixth Circuit 'has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege . . . facts that demonstrate what *each* defendant did that violated the asserted constitutional right.'" *Reid v. City of Detroit*, No. 18-13681, 2020 WL 5902597, at *6 (E.D. Mich. Oct. 5, 2020) (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)) (emphasis in original). "Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983." *Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978)). Thus, "[w]here a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to pro se complaints." *Catanzaro v. Harry*, 848 F. Supp. 2d 780, 791 (W.D. Mich. 2012). Any intended claims against Lieutenant John Doe should be dismissed.

## IV. Summary and Conclusion

Having screened the Complaint as required by 28 U.S.C. §§ 1915A(a) and 1915(e)(2), the Undersigned **ORDERS** that Plaintiff's Eighth Amendment claims against Defendants Taylor, Borders, Bauer, Stringer, Officer John Doe, and Conley may **PROCEED** to further development at this time.

Plaintiff has not yet provided the required service documents for Defendants. Plaintiff is **ORDERED** to provide a completed summons form, a completed U.S. Marshal form, and a service copy of the Complaint for each of the remaining Defendants who have been identified (Taylor, Borders, Bauer, Stringer, and Conley). Plaintiff must submit these documents **within thirty days** of the date of this order. The Clerk of Court is **DIRECTED** to send Plaintiff **six**

11

blank copies of the summons form and U.S. Marshal form for his use. Service documents for Officer John Doe will be due when he is formally identified.

Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' attorney, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to Defendants or Defendants' counsel. Any paper received by a District Judge or Magistrate Judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Plaintiff must also keep this Court informed of his current address, and promptly file a Notice of New Address if he is released or transferred.

The Undersigned **RECOMMENDS** that the Court **DISMISS** the remaining claims, which includes:

1. All claims against the ODRC, as it is not a "person" that can be sued under § 1983;

2. All claims for monetary damages against the remaining Defendants in their official capacities;

3. The claim(s) against Director Chambers-Smith and Warden Erdos;

4. The claim against Linnea Mahlman for denying Plaintiff's complaint or grievance;

5. All claims based on the alleged violation of a state law or ODRC policy;

6. The claim(s) against Officer Crabtree based on harassing and threatening language;

7. Any claim(s) against Lieutenant B. Williams; and

8. Any claim(s) against Lieutenant John Doe.

12

Stated another way, eight Defendants should be dismissed from this action: ODRC, Chamber-Smith, Erdos, Mahlman, Crabtree, Williams, Lt. John Doe, and Greene. Six Defendants should remain: Taylor, Borders, Bauer, Stringer, Officer John Doe, and Conley.

## V.     Notice Regarding Objections to this Report and Recommendation

If any party objects to this Report and Recommendation ("R&R"), the party may serve and file specific, written objections to it **within fourteen days** after being served with a copy thereof. Fed. R. Civ. P. 72(b). All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. The Court may extend the fourteen-day objections period if a timely motion for an extension of time is filed.

A Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made. Upon proper objection, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

June 20, 2023

KAREN L. LITKOVITZ
UNITED STATES MAGISTRATE JUDGE

13