IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| ANTONIO JOHNSON, | : | Case No. 1:23-cv-39 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | Magistrate Judge Karen L. Litkovitz |
| v. | : | |
| | : | |
| ODRC, et al., | : | |
| | : | |
| Defendants. | : | |

---

### ENTRY AND ORDER ADOPTING REPORT AND RECOMMENDATION (Doc. 7)

---

This action is before the Court upon the Report and Recommendation of United States Magistrate Judge Karen L. Litkovitz (Doc. 7), to whom this case is referred pursuant to 28 U.S.C. § 636(b). In the Report, Magistrate Judge Litkovitz recommends that Plaintiff's Eight Amendment claims against Defendants Sgt. Jason Taylor, Officer Borders, Lieutenant Bauer, Officer Stringer, Officer John Doe, and ALP Mr. Conley proceed. (*See* Report, Doc. 7.) Magistrate Judge Litkovitz recommends that Plaintiff's remaining claims be dismissed. (*See id.*) Plaintiff objected to the Report. (*See* Objections, Doc. 11.) Thus, the matter is ripe for the Court's review.

Because Plaintiff is a prisoner seeking "redress from a governmental entity or officer or employee of a government entity" and is proceeding *in forma pauperis*, Magistrate Judge Litkovitz conducted an initial screening of the Complaint. 28 U.S.C. § 1915A(a); 28 U.S.C. § 1915(e)(2). Under the initial screening process, the Court must dismiss a complaint, or any portion of it, upon a determination that the action is frivolous

or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. *See id.* When conducting this initial screening, the Court is limited to considering only those facts alleged in the complaint, along with any documents attached to it. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)); *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001) (when ruling under Rule 12(b)(6), a court generally may not consider any facts outside the complaint).

Relevant here, Magistrate Judge Litkovitz recommends that the claims against Defendants Chambers-Smith, Erdos, and Mahlman be dismissed. (Report, Doc. 7, Pg. ID 64-66.) Magistrate Judge Litkovitz found that Plaintiff failed to assert any facts to show that Chambers-Smith and Erdos "were personally involved in the events described in the Complaint or [could] otherwise be held responsible." (*Id.* at Pg. ID 64-65.) Additionally, Magistrate Judge Litkovitz found that Plaintiff failed to allege any facts against Mahlman to raise a § 1983 claim. (*Id.* at Pg. ID 65-66.)

Plaintiff objects to the dismissal of Chambers-Smith, Erdos, and Mahlman. (Objections, Doc. 11, Pg. ID 88.) Plaintiff maintains that he provided notice to these Defendants of misconduct in the prison and, therefore, they should not be dismissed. (*Id.*) But the Complaint does not allege that Chambers-Smith and Erdos were given notice of any misconduct. (*See* Compl., Doc. 1.) The Court cannot now consider this fact because it was not alleged in the original Complaint. *See Amini*, 259 F.3d at 502. And as it applies to Mahlman, the Complaint already states that she was on notice of the alleged misconduct through a grievance filed by Plaintiff. (Compl., Doc. 1, ¶ 19.) Nevertheless, as Magistrate

2

Judge Litkovitz found, this is not enough to create a § 1983 claim against Mahlman. In turn, the Court finds Magistrate Judge Litkovitz's recommendation that Chambers-Smith, Erdos, and Mahlman be dismissed is proper.

Additionally, in his Objections, Plaintiff requests that "Ms. Williams" be added as a party to the Complaint. (Objections, Doc. 11, Pg. ID 89.) But it is not appropriate to present this sort of request as an objection to a report and recommendation. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (explaining that "while the Magistrate Judge Act, 28 U.S.C. § 631, permits de novo review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate.").

As required by 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), the Court has made a de novo review of the record in this case. Upon review, the Court finds that Plaintiff's Objections (Doc. 11) are not well-taken and are accordingly **OVERRULED**. Thus, the Court **ADOPTS** Magistrate Judge Litkovitz's Report and Recommendation (Doc. 7) in its entirety and **ORDERS** the following:

1. Plaintiff **MAY PROCEED** on his Eight Amendment claims against Defendants Sgt. Jason Taylor, Officer Borders, Lieutenant Bauer, Officer Stringer, Officer John Doe, and ALP Mr. Conley; and

2. Plaintiff's remaining claims against Defendants ODRC, Annette Chambers-Smith, Ronald Erdos, Linnea Mahlman, Officer Crabtree, Lieutenant B. Williams, Lieutenant John Doe, and Larry Greene are **DISMISSED**.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND