### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

ANTONIO JOHNSON,  
     Plaintiff,

     vs.

ODRC, et al.,  
     Defendants.

Case No. 1:23-cv-39  
McFarland, J.  
Litkovitz, M.J.

**REPORT AND**  
**RECOMMENDATION**

This matter is before the Court on plaintiff's "motion for outside medical attention." (Doc. 19).   Plaintiff requests that the Court order him to be seen by a doctor or specialist at a hospital outside of the Southern Ohio Correctional (SOCF), where he is incarcerated.   He alleges he has "sustained injuries I listed in my complaint to the court as well as my informal complaints an[d] grievances I have filed with the prison. . . ."   (*Id*. at PAGEID 117).   He alleges he receives "the bare minimum medical treatment" and requests a full body MRI, an eye exam, full blood work, and examinations by "a head blunt force trauma doctor" and hand/wrist doctor. (*Id*.).

In essence, plaintiff's motion seeks affirmative relief in the form of a preliminary injunction.   In determining whether to issue a preliminary injunction in this case, this Court must balance the following factors:

1. Whether the party seeking the injunction has shown a "strong" likelihood of success on the merits;

2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;

3. Whether an injunction will cause others to suffer substantial harm; and

4. Whether the public interest would be served by a preliminary injunction.

*Liberty Coins, LLC v. Goodman*, 748 F.3d 682, 689-90 (6th Cir. 2014); *Overstreet v. Lexington-*

*Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citing *Leary v. Daeschner*, 228

F.3d 729, 736 (6th Cir. 2000)).   The four factors are not prerequisites but must be balanced as

part of a decision to grant or deny injunctive relief.   *In re DeLorean Motor Co.*, 755 F.2d 1223,

1229 (6th Cir. 1985).   "[A] district court is not required to make specific findings concerning

each of the four factors used in determining a motion for preliminary injunction if fewer factors

are dispositive of the issue."   *Jones v. City of Monroe*, 341 F.3d 474, 476 (6th Cir. 2003),

*abrogated on other gds. by Anderson v. City of Blue Ash*, 798 F.3d 338, 357 (6th Cir. 2015).

"The purpose of a preliminary injunction is to preserve the status quo until a trial on the

merits."   *S. Glazer's Distributors of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 848-

49 (6th Cir. 2017) (citing *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981)).   When a

prisoner requests an order enjoining a state prison official, the Court must "proceed with caution

and due deference to the unique nature of the prison setting."   *White v. Corr. Med. Servs.*, No.

1:08-cv-277, 2009 WL 529082, at *2 (W.D. Mich. Mar. 2, 2009) (citing *Kendrick v. Bland*, 740

F.2d 432, 438 n. 3 (6th Cir. 1984); *Ward v. Dyke*, 58 F.3d 271, 273 (6th Cir. 1995)).   In deciding

if a preliminary injunction is warranted, the Court must "weigh carefully the interests on both

sides."   *Lang v. Thompson*, No. 5:10-cv-379-HRW, 2010 WL 4962933, at *4 (E.D. Ky. Nov.

30, 2010) (citing *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931 (1975)).   A preliminary injunction

is an extraordinary remedy that should only be granted "upon a clear showing that the plaintiff is

entitled to such relief."   *S. Glazer's Distributors of Ohio, LLC*, 860 F.3d at 849 (quoting *Winter

v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)); *see also Overstreet*, 305 F.3d at 573.

Plaintiff has neither alleged facts, nor submitted any evidence warranting a preliminary

injunction in this matter.   Plaintiff's allegations in his motion do not constitute evidence

2

supporting the injunctive relief he seeks.   Plaintiff has made no attempt to apply the preliminary

injunction factors to his situation; he has not alleged facts indicating a substantial likelihood of

success on the merits of his claims; and he has not alleged facts showing that he will suffer

irreparable harm absent a preliminary injunction.   In the event plaintiff succeeds on the merits of

his claims, equitable relief is available to correct any ongoing constitutional harms plaintiff

alleges.

A preliminary injunction is also not warranted in this case because the purpose of a

preliminary injunction -- to preserve the status quo until a trial on the merits can be held, *see*

*Southern Milk Sales, Inc. v. Martin*, 924 F.2d 98, 102 (6th Cir. 1991) -- would not be served.

The present status quo in this case is, according to plaintiff's complaint, that he has been denied

proper medical treatment at SOCF in violation of his constitutional rights.   The remedy plaintiff

presently seeks is more than an injunction maintaining the status quo; he seeks an Order from

this Court requiring defendants to affirmatively correct constitutional deficiencies yet to be

proven.   Such affirmative relief is generally beyond the scope and purpose of preliminary

injunctive relief.   *See id*.

Accordingly, it is **RECOMMENDED** that plaintiff's "motion for outside medical

attention" (Doc. 19) be **DENIED.**

Date:  9/6/2023

Karen L. Litkovitz
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

ANTONIO JOHNSON,
    Plaintiff,

    vs.

ODRC, et al.,
    Defendants

Case No. 1:23-cv-39
McFarland, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.   This period may be extended further by the Court on timely motion for an extension.   Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.   If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.   A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.   Failure to make objections in accordance with this procedure may forfeit rights on appeal.   *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

4