UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANTONIO JOHNSON,  
    Plaintiff,

vs.

ODRC, *et al.*,  
    Defendants.

Case No. 1:23-cv-39  
McFarland, J.  
Litkovitz, M.J.

**ORDER**

Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF), brings this pro se civil rights action under 42 U.S.C. § 1983 alleging violations of his constitutional rights by SOCF officials and staff members. This matter is before the Court on plaintiff's motion for the Court to subpoena his "Master File" at SOCF. (Doc. 20). Plaintiff seeks an order to obtain "every document with [his] name" filed at SOCF, including all audiotapes and videotapes that exist in the file, all conduct reports and RIB hearing audios and videos, every informal complaint and grievance he has filed at SOCF and all responses thereto, and the personnel records of the six remaining defendants in this case. (*Id*. at PAGEID 119).

Plaintiff's motion is denied as premature and overbroad. First, under Federal Rule of Civil Procedure 45, which governs subpoenas to non-parties, the "clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service. . . ." Fed. R. Civ. P. 45(a)(3). It appears plaintiff is asking the Court to complete and issue a subpoena seeking discovery. Plaintiff, as a party to this lawsuit, must first request a subpoena form from the Clerk of Court, then complete the form himself. Plaintiff, and not the Court, is responsible for conducting discovery in this case.

In addition, Rule 45 requires that a subpoena commanding the production of documents or electronically stored information must give notice to the other parties in this case before

service of the subpoena. Fed. R. Civ. P. 45(a)(4) ("before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party"). The six defendants against whom this lawsuit is proceeding have not yet been served with process and are not yet properly before the Court. Plaintiff's request for a subpoena is therefore premature.

In addition, it appears the information plaintiff seeks is overbroad. Plaintiff has not limited his requests to information or documents relevant to the claims in this case. Rather, he seeks every document, conduct report, and video or audio recording that appear in his "Master File" whether or not such information is relevant to the claims in this case. "The scope of discovery under a subpoena is the same as the scope of discovery under Rule 26." *Callidus Capital Corp. v. FCA Grp.*, No. 14-10484, 2018 WL 1556231, at *3 (E.D. Mich. Mar. 30, 2018) (citation omitted); *see also Hendricks v. Total Quality Logistics, LLC*, 275 F.R.D. 251, 253 (S.D. Ohio 2011). Rule 26 requires that discovery be relevant to the claims or defenses in the case. Fed. R. Civ. P. 26(b)(1). Therefore, plaintiff's request is overbroad.

Finally, as the defendants have not yet been served with process and entered an appearance in this case, plaintiff has not requested discovery from these defendants or their counsel to determine whether the information relevant to his case can be obtained from these parties or counsel. "[C]ourts in this circuit have repeatedly denied motions to compel discovery and quashed subpoenas directed to non-parties where the discovery sought was obtainable from a party to the litigation." *Baumer v. Schmidt*, 423 F. Supp. 3d 393, 408-09 (E.D. Mich. 2019).

For these reasons, plaintiff's motion for the Court to subpoena his "Master File" at SOCF (Doc. 20) is **DENIED**.

Date: 9/6/2023

Karen L. Litkovitz
United States Magistrate Judge

2