UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANTONIO JOHNSON,
    Plaintiff,

vs.

ODRC, *et al.*,
    Defendants.

Case No. 1:23-cv-39
McFarland, J.
Litkovitz, M.J.

**ORDER AND REPORT
AND RECOMMENDATION**

This matter is before the Court on plaintiff's motion to amend his complaint and request for discovery (Doc. 12). No opposing memorandum has been filed.

Pro se plaintiff Antonio Johnson is currently incarcerated at the Southern Ohio Correctional Facility (SOCF). He filed this civil rights action on January 23, 2023, alleging claims against fourteen defendants relating to the conditions of confinement at SOCF. (Doc. 1).

After initial screening, as required by 28 U.S.C. §§ 1915(e)(2) and 1915A(a), the District Court, over plaintiff's objections, dismissed with prejudice claims against eight defendants. (Doc. 13). The following Eighth Amendment claims remain pending:

1. Plaintiff's claim against Sgt. Jason Taylor and Officer Borders for allegedly using excessive force on January 7, 2021 (Doc. 1 at PAGEID 7);

2. Plaintiff's claim against Lt. Bauer for allegedly using excessive force on October 24, 2021 (*Id.* at PAGEID 8);

3. Plaintiff's claim against Officer Stringer and Officer John Doe for allegedly using excessive force while escorting plaintiff from one part of the prison to another on January 15, 2022 (*Id.* at PAGEID 9); and

    4. Plaintiff's claim against ALP Conley for providing improper or inadequate medical care on January 21, 2022, following the injuries plaintiff allegedly sustained during the January 15, 2022 escort (*Id.*).

(Doc. 13 at PAGEID 100; Doc. 7 at PAGEID 62).

On August 3, 2023, plaintiff moved to amend his complaint to include an unrelated excessive force claim against Lt. Stringer and another officer that occurred after the instant action was filed. (Doc. 12 at PAGEID 94-95). Plaintiff also asks the Court to order SOCF personnel to identify the John Doe officer involved in the allegedly improper escort on January 15, 2022 (Doc. 12 at PAGEID 94). The defendants, represented by counsel, filed an answer to the original complaint on September 26, 2023 (Doc. 27).

**I.    Plaintiff's Motion to Amend Should be Denied.**

A plaintiff may not join unrelated claims and various defendants unless the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees."). *See also Harris v. Erdos*, No. 1:21-cv-104, 2022 WL 3053496, at *6 (S.D. Ohio Aug. 3, 2022) (recognizing "that any judicial economy gained by consolidating separate claims or defendants into a single action is quickly lost when those claims or defendants are unrelated" and "where, as here, the plaintiff is incarcerated, interpreting the joinder provisions too expansively would foil the explicit purpose

of the Prison Litigation Reform Act"). "In the case of misjoinder, a court has two options: it may (1) drop misjoined parties 'on just terms'; or (2) sever any claim against a party." *Harris*, 2022 WL 3053496, at *6 (citing Fed. R. Civ. P. 21 and *Roberts v. Doe*, No. 16-2082, 2017 WL 3224655, at *2 (6th Cir. Feb. 28, 2017)). The Court, in its discretion, may select the parties to drop or the claims to sever. *Id.*

In this case, plaintiff seeks to amend his complaint to add one claim and at least one additional party unrelated to the claims in this case. (Doc. 12). In addition, it appears that plaintiff may not have completed the prison grievance process related to the new claim. (*Id.* at PAGEID 95) (indicating that he has a copy of his grievance but is "waiting on" a response). Because joinder of this unrelated claim would be inappropriate under Federal Rule of Civil Procedure 20(a), plaintiff's motion to amend will be denied. Once plaintiff exhausts the grievance procedure, he is free to file the new claim as a separate action.

**II.     Plaintiff's Discovery Request will be Denied.**

As part of his motion to amend, plaintiff asks the Court to "Order these people at S.O.C.F. Lucasville Oh to identify the other officer that was respon[s]ible for my injuries while I was escorted down the hallway." (Doc. 12 at PAGEID 94). Plaintiff must request whatever discovery he seeks directly from defendants' counsel rather than from the Court.

Pursuant to Rules 26 and 33, a party may ask up to 25 questions "regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 33(a) and Fed. R. Civ. P. 26(b)(1). Such questions are called "interrogatories" and must be served on defendants' counsel rather than submitted to the Court. Fed. R. Civ. P. 33(a)(1).

If, however, plaintiff has already served his interrogatories on defendants' counsel, and he intends his request as a motion to compel, he has failed to satisfy Federal Rule of Civil

3

Procedure 37 and S.D. Ohio Civil Rule 37.1. Pursuant to Fed. R. Civ. P. 37, motions to compel discovery must include a certification that extrajudicial attempts have been made to secure responses to discovery requests. Rule 37(a)(1) provides, in relevant part:

> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion *must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery* in an effort to obtain it without court action.

Fed. R. Civ. P. 37(a)(1) (emphasis added). Similarly, S.D. Ohio Civ. R. 37.1 provides that motions relating to discovery "shall not be filed in this Court under any provision in Fed. R. Civ. P. 26 or 37 unless the parties have first exhausted among themselves all extrajudicial means for resolving their differences."

There is no indication from plaintiff's motion that he first served his discovery requests on defendants' counsel, that defendants' counsel refused to comply with such requests, or that the parties attempted to resolve any dispute prior to filing the motion. Before plaintiff may file a motion seeking to compel discovery, he must contact defendants' counsel to attempt to resolve the disputed discovery items. Plaintiff must make at least one good faith attempt to resolve discovery disputes with defendants' counsel (such as writing a letter to defendants' counsel) after he fails to receive an initial response to his discovery requests. Plaintiff must include in any motion to compel discovery a certification setting forth the efforts he took to resolve the dispute before filing a motion.

The Clerk of Court is **DIRECTED** to mail to plaintiff a copy of the Court's docket sheet, which identifies counsel for defendants.

**IT IS THEREFORE ORDERED THAT**:

Plaintiff's request for discovery (Doc. 12) is **DENIED**.

**IT IS THEREFORE RECOMMENDED THAT**:

Plaintiff's motion to amend (Doc. 12) be **DENIED**.

Date: 10/2/2023

*Karen L. Litkovitz*
Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANTONIO JOHNSON,
    Plaintiff,

vs.

ODRC, *et al.*,
    Defendants.

Case No. 1:23-cv-39

McFarland, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).