UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ANTONIO JOHNSON,<br>    Plaintiff, | Case No. 1:23-cv-39<br>McFarland, J.<br>Litkovitz, M.J. |
| vs. | **ORDER** |
| ODRC, *et al.*,<br>    Defendants. | |

This matter is before the Court on plaintiff's motion for extension of time to serve defendants William Bauer and John Doe (Doc. 37), plaintiff's motion to issue service as to defendant Bauer (Doc. 38), plaintiff's motion for production of documents (Doc. 39), and plaintiff's motion for public records (Doc. 40).  The Court will address these motions individually.

Pro se plaintiff Antonio Johnson is currently incarcerated at the Southern Ohio Correctional Facility (SOCF).  He filed this civil rights action on January 23, 2023, alleging claims against fourteen defendants relating to the conditions of confinement at SOCF.  (Doc. 1).

After initial screening, as required by 28 U.S.C. §§ 1915(e)(2) and 1915A(a), the District Court, over plaintiff's objections, dismissed with prejudice claims against eight defendants. (Doc. 13).  The following Eighth Amendment claims remain pending:

1. Plaintiff's claim against Sgt. Jason Taylor and Officer Borders for allegedly using excessive force on January 7, 2021 (Doc. 1 at PAGEID 7);

2. Plaintiff's claim against Lt. Bauer for allegedly using excessive force on October 24, 2021 (*Id.* at PAGEID 8);

3. Plaintiff's claim against Officer Stringer and Officer John Doe for allegedly using excessive force while escorting plaintiff from one part of the prison to another on January 15, 2022 (*Id.* at PAGEID 9); and

4. Plaintiff's claim against ALP Conley for providing improper or inadequate medical care on January 21, 2022, following the injuries plaintiff allegedly sustained during the January 15, 2022 escort (*Id.*).

(Doc. 13 at PAGEID 100; Doc. 7 at PAGEID 62).

Summons issued for defendants Borders, Conley, Stringer, Taylor, and Bauer. Summons returned executed for defendants Borders, Conley, Stringer, and Taylor on September 27, 2023. (Doc. 29). However, the summons for defendant "Lt. Bauer" at SOCF was returned marked "not deliverable as addressed as we do not have an employee with that name." (Doc. 30 at PAGEID 181). On October 12, 2023, plaintiff mailed the Court a letter reiterating his desire to maintain his claim against defendant Bauer and stating, "I would like to know what has taken place with this person." (Doc. 33 at PAGEID 192).

The Court construed plaintiff's letter as a motion to discover the full name and current service address for "Lt. Bauer" and agreed that plaintiff should be given the opportunity to discover the needed information. (Doc. 35 at PAGEID 204). However, the Court explained that "plaintiff should attempt to discover information related to defendant Bauer and the other unidentified defendant through discovery requests directed at those already party to this action" pursuant to the Federal Rules of Civil Procedure. (*Id.* at PAGEID 205). Plaintiff now seeks an extension of time to serve defendants Bauer and Doe (Doc. 37), moves to issue service on William Bauer (Doc. 38), requests production of various documents (Doc. 39), and moves for public records (Doc. 40).

**I.     Plaintiff's Motion for Extension of Time to Serve Defendants Bauer and Doe will be Granted.**

Plaintiff moves for an extension of time to serve defendants Bauer and Doe (Doc. 37).  In support of his motion, plaintiff, who is currently incarcerated, states that he is in the process of gaining the necessary information to serve the two defendants who have not yet been served. (*Id.* at PAGEID 232).

Plaintiff is responsible for having the summons and complaint served upon defendants within the time period allotted by Rule 4(m).  Fed. R. Civ. P. 4(c)(1).  Rule 4(m) sets forth the Court's obligation when the plaintiff fails to timely complete service of process.  The Rule provides, in pertinent part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Under the specific terms of the rule, the Court has the discretion to extend the time for service even in the absence of good cause.  *See Greene v. Venatter*, No. 2:13-cv-00345, 2014 WL 559154, *2 (S.D. Ohio February 11, 2014).  *See also Tomlinson v. Collins*, No. 2:09-cv-0125, 2010 WL 1687726, at *1 (S.D. Ohio Apr. 26, 2010), *report and recommendation adopted*, 2010 WL 2079529 (S.D. Ohio May 24, 2010) (citing cases from other District Courts within the Sixth Circuit reaching the same conclusion); *Sony BMG Music Ent. v. Manes*, No. 1:07-cv-517, 2010 WL 11538469, at *3 (S.D. Ohio Mar. 31, 2010); *Comer v. Butler Cnty.*, No. 1:08-cv-282, 2008 WL 11452031, at *1 (S.D. Ohio Dec. 4, 2008).  That discretion is removed, however, if the plaintiff establishes good cause.  *Id*.  Under that circumstance, the court must extend the time for service.  *Id*.

Plaintiff states that he is in the process of obtaining the information necessary to achieve proper service on defendants Bauer and Doe. (Doc. 37 at PAGEID 232). Through his own investigation, he appears to have learned Bauer's first name (Doc. 38 at PAGEID 214), and he previously identified the date of the incident involving defendant Doe and the identity of the other defendant present. (Doc. 35 at PAGEID 204). Moreover, failure to extend the time to serve defendants Bauer and Doe would lead to the dismissal of the complaint against them, which "would subvert the goal of deciding cases on their merits." *See Tomlinson*, 2010 WL 1687726, at *1. *See also Vergis v. Grand Victoria Casino & Resort*, 199 F.R.D. 216, 218 (S.D. Ohio 2000) (discretionary extension served "the overall policy in this Circuit of resolving disputes on their merits, rather than disposing of them on procedural or technical grounds."). Under these circumstances, the Court will exercise its discretion to extend the time for service on defendants Bauer and Doe.

**II.     Plaintiff's Motion to Issue Service for Defendant Bauer will be Granted.**

Plaintiff next moves to issue service for defendant Bauer (Doc. 38). The Court previously ordered plaintiff to file a motion to issue service once he obtained sufficient identifying information to do so. (Doc. 35 at PAGEID 207). Plaintiff now has complied with that Order as to defendant William Bauer, and his motion to issue service will be granted.

**III.    Plaintiff's Request for Production of Documents and Motion for Public Records will be Denied.**

Plaintiff filed a "motion" entitled "Rule 34 request for Production." (Doc. 39). In it, he requests various documents, records, and recordings. (*Id.* at PAGEID 234-35).

To the extent plaintiff seeks discovery from defendants under the Federal Rules of Civil Procedure, he must serve discovery requests (such as interrogatories, document demands, or requests for admission) on defendants through their counsel using the discovery methods set

forth in the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 5, 30-36. It does not appear from plaintiff's motion that he has served his request for production on defendants' counsel. Furthermore, plaintiff's motion does not include a certification that he has in good faith conferred with defendants' counsel to resolve any discovery issues prior to filing this motion as required by Fed. R. Civ. P. 37(a)(1) and S.D. Civ. R. 37.1. For these reasons, plaintiff's motion entitled "rule 34 request for production" will be denied.

Similarly, plaintiff filed a motion for public records (Doc. 40). He states that he is "submitting a public records request under the Ohio public records act, to determine the identities of defendant Lieutenant Bauer and officer John Doe." (*Id.* at PAGEID 237).

As an initial matter, the information plaintiff seeks is not "discovery" under the Federal Rules of Civil Procedure:

> The word 'discovery' is not a synonym for investigation. Much of the information gathering that litigants do is not 'discovery' as the term is understood in the law. They talk to their clients and to witnesses, read newspaper accounts, study the records of previous judicial or administrative proceedings, troll the Web—they do all these things and more without being thought to be conducting 'discovery.' . . .
>
> The case law uniformly refuses to define requests for access to federal or state public records under public-records laws (such as the federal Freedom of Information Act and state public records laws— . . . ) as discovery demands, even when as in this case the request is made for the purpose of obtaining information to aid in a litigation and is worded much like a discovery demand.

*American Bank v. City of Menasha*, 627 F.3d 261, 265 (7th Cir. 2010) (citations omitted). As another court has noted:

> The distinction between "discovery" and "investigation" is not merely semantic. Discovery is conducted pursuant to the Federal Rules of Civil Procedure. Federal Rules of Civil Procedure 26 through 37 specifically address discovery procedures, disclosures and devices. Fed. R. Civ. P. 26 through 37. . . . These discovery rules and devices are controlled by the federal courts, and allow federal courts to enforce the rules and require compliance, upon pain of discovery sanctions or contempt of court. Fed. R. Civ. P. 37, 45(d), (e), (g).

5

> In contrast, investigating is outside the scope of discovery. When parties are investigating, they do so on their own. Generally, they seek information using their own resources. . . . And, importantly, these parties seek information without the enforcement power or under the auspices of the federal courts.

*Barmore v. City of Rockford*, No. 09-cv-50236, 2014 WL 12791639, at *6 (N.D. Ill. Aug. 20, 2014).

Plaintiff's public records requests do not constitute "discovery" under the Federal Rules of Civil Procedure, and this Court has no enforcement power to compel compliance, especially by a non-party. *Id.* To the extent plaintiff contends a non-party failed to comply with Ohio's Public Records Act, he must pursue any remedies in a separate action under the Act. *See* Ohio Rev. Code § 149.43(C)(1). Therefore, plaintiff's motion for public records will be denied.

**IT IS THEREFORE ORDERED THAT**:

1. Plaintiff's motion for extension of time to serve defendants Bauer and Doe (Doc. 37) is **GRANTED**. Plaintiff shall have **SIXTY (60) days** from the entry of this Order to serve defendants Bauer and Doe.

2. Plaintiff's motion to issue service for defendant Bauer (Doc. 38) is **GRANTED**. It is **ORDERED** that the United States Marshal serve a copy of the complaint (Doc. 1), summons form, the Court's Orders and Report and Recommendation (Docs. 7, 13), and this Order on defendant Bauer. All costs of service shall be advanced by the United States.

3. Plaintiff's motion for Rule 34 request for production (Doc. 39) is **DENIED**.

4. Plaintiff's motion for public records (Doc. 40) is **DENIED**.

Date: 11/13/2023

Karen L. Litkovitz
United States Magistrate Judge

6