UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ANTONIO JOHNSON,<br>    Plaintiff,<br><br>    vs.<br><br>ODRC, *et al.*,<br>    Defendants. | Case No. 1:23-cv-39<br>McFarland, J.<br>Litkovitz, M.J.<br><br>**ORDER** |

This matter is before the Court on plaintiff's response to the Court's Order to show cause why his claim against defendant Bauer should not be dismissed without prejudice for lack of timely service (Doc. 54). Defendants filed no response.

Pro se plaintiff Antonio Johnson was previously incarcerated at the Southern Ohio Correctional Facility (SOCF). He filed this civil rights action on January 23, 2023, alleging claims against fourteen defendants relating to the conditions of his confinement at SOCF. (Doc. 1).

After initial screening, as required by 28 U.S.C. §§ 1915(e)(2) and 1915A(a), the District Court, over plaintiff's objections, dismissed with prejudice claims against eight defendants. (Doc. 13). The following Eighth Amendment claims remain pending:

1. Plaintiff's claim against Sgt. Jason Taylor and Officer Borders for allegedly using excessive force on January 7, 2021 (Doc. 1 at PAGEID 7);

2. Plaintiff's claim against Lt. Bauer for allegedly using excessive force on October 24, 2021 (*Id.* at PAGEID 8);

3. Plaintiff's claim against Officer Stringer and Officer John Doe for allegedly using excessive force while escorting plaintiff from one part of the prison to another on January 15, 2022 (*Id.* at PAGEID 9); and

> 4. Plaintiff's claim against ALP Conley for providing improper or inadequate medical care on January 21, 2022, following the injuries plaintiff allegedly sustained during the January 15, 2022 escort (*Id.*).

(Doc. 13 at PAGEID 100; Doc. 7 at PAGEID 62).

Summons issued for defendants Borders, Conley, Stringer, Taylor, and Bauer. Summons returned executed for defendants Borders, Conley, Stringer, and Taylor on September 27, 2023. (Doc. 29). However, the summons for defendant "Lt. Bauer" at SOCF was returned marked "not deliverable as addressed as we do not have an employee with that name." (Doc. 30 at PAGEID 181). Plaintiff requested and was granted an extension of time to obtain additional information necessary to identify and/or serve defendants Bauer and Doe. (Doc. 41). Plaintiff's second attempt to serve defendant Bauer was returned unexecuted with the explanation that Bauer is no longer employed at SOCF. (Doc. 47).

Plaintiff is responsible for having the summons and complaint served upon defendants within the time period allotted by Rule 4(m). Fed. R. Civ. P. 4(c)(1). Rule 4(m) sets forth the Court's obligation when the plaintiff fails to timely complete service of process. The Rule provides, in pertinent part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Under the specific terms of the rule, the Court has the discretion to extend the time for service even in the absence of good cause. *See Greene v. Venatter*, No. 2:13-cv-00345, 2014 WL 559154, *2 (S.D. Ohio February 11, 2014). *See also Tomlinson v. Collins*, No. 2:09-cv-

0125, 2010 WL 1687726, at *1 (S.D. Ohio Apr. 26, 2010), *report and recommendation adopted*, 2010 WL 2079529 (S.D. Ohio May 24, 2010) (citing cases from other District Courts within the Sixth Circuit reaching the same conclusion); *Sony BMG Music Ent. v. Manes*, No. 1:07-cv-517, 2010 WL 11538469, at *3 (S.D. Ohio Mar. 31, 2010); *Comer v. Butler Cnty.*, No. 1:08-cv-282, 2008 WL 11452031, at *1 (S.D. Ohio Dec. 4, 2008). That discretion is removed, however, if the plaintiff establishes good cause. Under that circumstance, the court must extend the time for service. *United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 568 (6th Cir. 2022); *Shehee v. Kings Furniture*, No. 3:21-cv-274, 2022 WL 4481465 (S.D. Ohio Sept. 27, 2022).

Plaintiff has twice attempted to serve defendant William Bauer at SOCF. However, service was returned unexecuted because Bauer is no longer employed there. (Doc. 47 at PAGEID 259). In responding to the Court's show cause order, plaintiff detailed the efforts he has undertaken to uncover defendant Bauer's service address. (Doc. 54 at PAGEID 326-28). Plaintiff reports that he has requested "Info/Documentation" from defendants' counsel but "that resulted in being stalled." (*Id.* at PAGEID 327). The Court construes this request as a motion for the disclosure of this defendant Bauer's last known home address.

Under Rule 4 of the Federal Rules of Civil Procedure, plaintiff is responsible for having the summons and complaint served upon a defendant within the time period allotted by Rule 4(m). Fed. R. Civ. P. 4(c)(1). Where, as here, plaintiff is a pro se prisoner proceeding in forma pauperis, "the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants, thereby relieving a plaintiff of the burden to serve process once reasonable steps have been taken to identify for the court the defendants named in the complaint." *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996).

3

The record shows that service upon defendant Bauer failed because SOCF "no longer ha[s] an employee with that name." (Doc. 47 at PAGEID 261). Because of the inherent security concerns with disclosing a former prison employee's home or other personal address to a prison inmate, plaintiff is not entitled to information concerning defendant Bauer's current or last known address. Thus, the undersigned will grant plaintiff's motion insofar as plaintiff seeks a court order regarding the disclosure of defendant Bauer's current or last known addresses. The Court will require the Ohio Attorney General to submit to the Clerk of Court under seal the current or last known address for defendant Bauer in order to facilitate service on this defendant. Upon receipt of new addresses, the Court will direct the U.S. Marshals Service to re-serve defendant Bauer with process.

**IT IS THEREFORE ORDERED THAT**:

The Ohio Attorney General shall submit under seal to the Clerk of Court, within fourteen (14) days of the date of this Order, the current or last known address where defendant Bauer may be served with process. The Ohio Attorney General shall file a notice of compliance with the Court after he has fulfilled this requirement. The Clerk is **DIRECTED** not to post defendant Bauer's address on the public docket and to redact any documents submitted for filing that bear defendant Bauer's address. Further, the Clerk is **DIRECTED** to ensure service on defendants Bauer of all documents filed by plaintiff. The Clerk shall mail any documents filed by plaintiff to defendant Bauer at the address provided by the Ohio Attorney General, which shall be kept under seal.

Date: 4/2/2024

Karen L. Litkovitz
United States Magistrate Judge