UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ANTONIO JOHNSON,<br>    Plaintiff,<br><br>vs.<br><br>ODRC, *et al.*,<br>    Defendants. | Case No. 1:23-cv-39<br>McFarland, J.<br>Litkovitz, M.J.<br><br>**ORDER** |

This matter is before the Court on plaintiff's motion for an extension of time to serve three John Doe defendants now identified by plaintiff as William Jewell, Travis Wellman, and Carl Justice (Docs. 62 and 64), plaintiff's motion for discovery (Doc. 63), and defendants' motion to extend time to complete discovery and file dispositive motions (Doc. 66). Defendants responded to plaintiff's motion for discovery (Doc. 65).

**I.  BACKGROUND**

Pro se plaintiff Antonio Johnson was previously incarcerated at the Southern Ohio Correctional Facility (SOCF). He filed this civil rights action on January 23, 2023, alleging claims against fourteen defendants relating to the conditions of his confinement at SOCF. (Doc. 1).

After initial screening, as required by 28 U.S.C. §§ 1915(e)(2) and 1915A(a), the District Court, over plaintiff's objections, dismissed with prejudice claims against eight defendants. (Doc. 13). The following Eighth Amendment claims remain pending:

1. Plaintiff's claim against Sgt. Jason Taylor and Officer Borders for allegedly using excessive force on January 7, 2021 (Doc. 1 at PAGEID 7);

2. Plaintiff's claim against Lt. Bauer for allegedly using excessive force on October 24, 2021 (*Id.* at PAGEID 8);

3. Plaintiff's claim against Officer Stringer and Officer John Doe for allegedly using excessive force while escorting plaintiff from one part of the prison to another on January 15, 2022 (*Id.* at PAGEID 9); and

4. Plaintiff's claim against ALP Conley for providing improper or inadequate medical care on January 21, 2022, following the injuries plaintiff allegedly sustained during the January 15, 2022 escort (*Id.*).

(Doc. 13 at PAGEID 100; Doc. 7 at PAGEID 62).

Summons issued for defendants Borders, Conley, Stringer, Taylor, and Bauer. Summons returned executed for defendants Borders, Conley, Stringer, and Taylor on September 27, 2023. (Doc. 29). However, the summons for defendant "Lt. Bauer" at SOCF was returned marked "not deliverable as addressed as we do not have an employee with that name." (Doc. 30 at PAGEID 181). Plaintiff requested and was granted an extension of time to obtain additional information necessary to identify and/or serve defendants Bauer and Doe. (Doc. 41). Plaintiff's second attempt to serve defendant Bauer was returned unexecuted with the explanation that Bauer is no longer employed at SOCF. (Doc. 47). The Court then ordered plaintiff to show cause why defendant Bauer should not be dismissed without prejudice for lack of service. (Doc. 52). Plaintiff provided a sufficient response to the Court's show cause order, and the Court directed the United States Marshal to serve defendant Bauer at a sealed address. (Doc. 60). The Court is advised that the Marshal is in the process of serving Bauer at the address listed under seal.

## II. SERVICE OF PROCESS

Plaintiff now moves for an extension of time to serve William Jewell, Travis Wellman, and Carl Justice (Doc. 62). According to plaintiff, Jewell, Wellman, and Justice are the officers he originally named as "John Doe" defendants. (Docs. 62, 64). Plaintiff filed a request for

service directed at the United States Marshal which the Court will construe as a motion for an order directing the Marshal to serve Jewell, Wellman, and Justice. (Doc. 64).

Plaintiff is responsible for having the summons and complaint served upon defendants within the time period allotted by Rule 4(m). Fed. R. Civ. P. 4(c)(1). Rule 4(m) sets forth the Court's obligation when the plaintiff fails to timely complete service of process. The rule provides, in pertinent part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Under the specific terms of the rule, the Court has the discretion to extend the time for service even in the absence of good cause. *See Greene v. Venatter*, No. 2:13-cv-00345, 2014 WL 559154, *2 (S.D. Ohio February 11, 2014). *See also Tomlinson v. Collins*, No. 2:09-cv-0125, 2010 WL 1687726, at *1 (S.D. Ohio Apr. 26, 2010), *report and recommendation adopted*, 2010 WL 2079529 (S.D. Ohio May 24, 2010) (citing cases from other District Courts within the Sixth Circuit reaching the same conclusion); *Sony BMG Music Ent. v. Manes*, No. 1:07-cv-517, 2010 WL 11538469, at *3 (S.D. Ohio Mar. 31, 2010); *Comer v. Butler Cnty.*, No. 1:08-cv-282, 2008 WL 11452031, at *1 (S.D. Ohio Dec. 4, 2008). That discretion is removed, however, if the plaintiff establishes good cause. Under that circumstance, the court must extend the time for service. *United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 568 (6th Cir. 2022); *Shehee v. Kings Furniture*, No. 3:21-cv-274, 2022 WL 4481465 (S.D. Ohio Sept. 27, 2022).

Plaintiff alleges that he diligently attempted to discover the identities of the "John Doe" defendants, but, once he obtained their names, he accidentally mailed the document containing

3

their names to the Court. (Doc. 62 at PAGEID 370). Under these circumstances, the Court will exercise its discretion and extend the time for service on Jewell, Wellman, and Justice, pursuant to Rule 4(m).

Under Rule 4(c)(1) of the Federal Rules of Civil Procedure, plaintiff is responsible for having the summons and complaint served upon a defendant within the time period allotted. Where, as here, plaintiff is a pro se prisoner proceeding in forma pauperis, "the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants, thereby relieving a plaintiff of the burden to serve process once reasonable steps have been taken to identify for the court the defendants named in the complaint." *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996).

Plaintiff has submitted completed summons forms for Jewell, Wellman, and Justice. (Doc. 64). The Court will direct the Marshal to serve them with process.

### III. DISCOVERY

On May 14, 2024, plaintiff filed a motion for discovery (Doc. 63). In his motion, plaintiff alleged that: he received only some of the responsive documents defendants identified; he had not been permitted to view relevant video footage; and he disagreed with defendants' vagueness and ambiguity objections. (*Id.* at PAGEID 372-73).

On June 4, 2024, defendants responded to plaintiff's discovery motion (Doc. 65). Defendants' counsel represented to the Court that he had sent another copy of the missing discovery documents to plaintiff and arranged for plaintiff to view and make notes regarding all relevant video footage. (*Id.* at PAGEID 393-95).

4

Pursuant to Fed. R. Civ. P. 37, motions to compel discovery must include a certification that extrajudicial attempts have been made to secure responses to discovery requests. Rule 37(a)(1) provides, in relevant part:

> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion *must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery* in an effort to obtain it without court action.

Fed. R. Civ. P. 37(a)(1) (emphasis added). Similarly, S.D. Ohio Civ. R. 37.1 provides that motions relating to discovery "shall not be filed in this Court under any provision in Fed. R. Civ. P. 26 or 37 unless the parties have first exhausted among themselves all extrajudicial means for resolving their differences."

There is no indication from plaintiff's discovery motion that he attempted to resolve any discovery dispute with defendants' counsel prior to filing the motion. Before plaintiff may file a motion seeking to compel discovery, he must contact defendants' counsel to attempt to resolve the disputed discovery items. Plaintiff must include in any motion to compel discovery a certification setting forth the efforts he took to resolve the dispute before filing a motion. Because he failed to do so, plaintiff's motion for discovery will be denied. In addition, it appears that plaintiff's motion is now moot.

### IV. EXTENSION OF DISCOVERY AND DISPOSITIVE MOTIONS DEADLINES

Finally, defendants moved to extend the discovery and dispositive motions deadlines so that discovery can be completed as to all defendants (including those that have not yet been served) in this matter (Doc. 66). In an effort to efficiently resolve this matter on the merits, defendants will conduct an informal telephonic discovery conference with plaintiff to attempt to

5

ensure that all relevant discovery has been received and to resolve any new discovery disputes. (*Id.* at PAGEID 397).

Plaintiff filed no objection to defendants' motion. Indeed, plaintiff seeks to serve three newly-identified defendants, even though the existing discovery deadline has expired. The Court agrees that the full and fair adjudication of this matter requires an extension of the discovery and dispositive motions deadlines.

## IT IS THEREFORE ORDERED THAT:

1. Plaintiff's motion for an extension of time (Doc. 62) to serve the three newly-identified defendants—Jewell, Wellman, and Justice—is **GRANTED**.

2. By separate Order, the United States Marshal's Service will be directed to effectuate service of process on defendants Jewell, Wellman, and Justice at the addresses plaintiff provided on the summons forms (Doc. 64).

3. Plaintiff's motion for discovery (Doc. 63) is **DENIED** because he failed to comply with Fed. R. Civ. P. 37(a)(1) and S.D. Ohio Civ. R. 37.1 and because the motion now appears to be moot.

4. Defendants' second motion for extension of time (Doc. 66) is **GRANTED**. The discovery deadline is extended through **October 4, 2024**, and dispositive motions may be filed no later than **November 8, 2024**.

Date: 6/14/2024

Karen L. Litkovitz
United States Magistrate Judge