IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| ANTONIO JOHNSON, | : | Case No. 1:23-cv-39 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | Magistrate Judge Karen L. Litkovitz |
| v. | : | |
| | : | |
| ODRC, et al., | : | |
| | : | |
| Defendants. | : | |

ENTRY AND ORDER ADOPTING REPORT AND RECOMMENDATIONS
(Doc. 141)

This action is before the Court upon the Report and Recommendations of United States Magistrate Judge Karen L. Litkovitz (Doc. 141), to whom this case is referred pursuant to 28 U.S.C. § 636(b). In the Report, Magistrate Judge Litkovitz recommends that Defendants' Motion for Summary Judgment (Doc. 122) be granted. Plaintiff has filed timely Objections to the Report (Doc. 142), to which Defendants have filed a Response (Doc. 143). Thus, this matter is ripe for the Court's review.

BACKGROUND

Plaintiff, who was formerly incarcerated at Southern Ohio Correctional Facility ("SOCF"), brought this action pursuant to 42 U.S.C. § 1983 against several SOCF employees alleging violations of his constitutional rights. (Compl., Doc. 1.) As the Report provides a thorough examination of the record in this case, the Court declines to repeat these facts in detail. In sum, Plaintiff alleges that, on three separate occasions, SOCF

employees used excessive force against him, in violation of his Eighth Amendment rights. (*Id.*) These events occurred on January 7, 2021, October 24, 2021, and January 15, 2022, and are referred to by date in the Report and this Order. (*See id.*; Report, Doc. 141.) Additionally, Plaintiff claims that SOCF's medical personnel acted with deliberate indifference to his serious medical needs. (*Id.*) For the January 7, 2021, incident, Plaintiff admits that he had not removed a paper covering his cell when asked; for the October 24, 2021, incident, Plaintiff admits that he refused to move to an inner cell of the infirmary when asked. (*See* Response to Motion for Summary Judgment, Doc. 129, Pg. ID 12665-66.) Video footage of the January 15, 2022, incident does not show any Defendants slam Plaintiff to the ground, as he claims, but does show Plaintiff falling to the ground several times. (SOCF Video File, Exhibit H, Doc. 122-8.) Defendants then forced Plaintiff to his feet. (*Id.*)

After an initial screening of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915, only his Eighth Amendment claims against Defendants Taylor, Borders, Bauer, Stringer, John Doe, and Conley remain. (*See* Order, Doc. 13.) Defendants moved for summary judgment (Motion, Doc. 122), which has been fully briefed (Docs. 129, 133.) The Magistrate Judge's Report recommends that this Court grant Defendants' Motion for Summary Judgment. (Report, Doc. 141.) Plaintiff filed Objections to the Report (Doc. 142), and Defendants responded to the Objections (Doc. 143). The Court now examines these Objections.

## LAW & ANALYSIS

A court reviews de novo any part of a report and recommendation to which a party properly objects. Fed. R. Civ. P. 72(b)(3); *Ellis v. Ohio Dept. of Rehab.*, 2:25-CV-642,

2

2026 WL 205658, at *3 (S.D. Ohio Jan. 27, 2026). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citations omitted). General disagreements with the Magistrate Judge's Report fall short of Plaintiff's obligation to make specific objections. *Howard v. Sec'y of HHS*, 932 F.2d 505, 509 (6th Cir. 1991); *see also Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate [judge]'s suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."). Indeed, "the filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Slater v. Potter*, 28 F. App'x 512, 513 (6th Cir. 2002).

Plaintiff's Objections begin with the argument that Defendant Taylor's mindset in the January 7, 2021, incident was malicious and sadistic, referring to the subjective intent standard of an excessive force claim. (Plaintiff's Objections, Doc. 142, Pg. ID 1380-81.) But, as Defendants point out, Plaintiff does not cite facts in the record when making these assertions. (Response, Doc. 143, Pg. ID 1386.) Rather, he states that, because of how Defendant Taylor walked toward him, and because Defendant Taylor did not use a body-worn camera, "[he] had the intent to be cruel, malicious [. . .], and sadistically to inflict pain on Plaintiff." (Objections, Doc. 142, Pg. ID 1380.) This conclusory statement, however, "does not meet the requirement of specific objections." *See Slater*, 28 F. App'x at 513. Similarly, it fails to provide any argument that specifically cuts against the Report's reasoning, other than stating a general disagreement with the Report's

conclusion. *See Howard*, 932 F.2d at 509. For these reasons, the Objection is not well-taken.

Plaintiff also claims that the assertion that Plaintiff attempted to throw something is false; however, Plaintiff already raised this argument before the Magistrate Judge. (*See* Objections, Doc. 142, Pg. ID 1381-82; Report, Doc. 141, Pg. ID 1356.) Plaintiff does not specify why the Magistrate Judge's resolution of his argument was wrong. Such general disagreements with the Report do not constitute proper objections. *Howard*, 932 F.2d at 509. Importantly, and as both the Report and Defendants note, Plaintiff does not dispute that he had defied orders prior to the use of force here. (*See* Report, Doc. 142, Pg. ID 1367; Response, Doc. 143, Pg. ID 1386-87.) Courts have routinely held that the use of chemical agents, like the ones used here, does not violate a prisoner's Eighth Amendment rights when the prisoner has disobeyed orders. *Jeter v. Ohio Dept. of Rehab. & Corr.*, 1:17-CV-756, 2019 WL 5066851, at *5 (S.D. Ohio Oct. 9, 2019). To this end, the record shows that Plaintiff did not follow the order to remove his window covering, after given a chance to do so. Plaintiff has failed to meet the subjective intent standard for this incident. His Objection is thus not well-taken.

Plaintiff next addresses the October 24, 2021, incident and similarly argues that Defendants' actions satisfy the subjective intent requirement of the excessive force claim. (Objections, Doc. 142, Pg. ID 1381, 1383.) Plaintiff states that he was only given one camera angle of the incident, and the camera shuts off before he went back into the cell. (*Id.*) He argues that additional video would have shown that he received neither medical treatment nor a decontamination procedure. (*Id.*) Furthermore, Plaintiff states that he now suffers from permanent pain and suffering as a result of Defendants' use of chemical

4

agents. (*Id.*) However, once again, Plaintiff does not cite to the record. He also fails to object to a specific finding in the Report, instead making broad conclusions about uncited facts and how they show Defendants' intent. (Objections, Doc. 142, Pg. ID 1381.) *See Slater,* 28 F. App'x at 513. These Objections are similarly overruled.

Furthermore, Plaintiff contends that Defendants have not met their standard for summary judgment because Defendants Taylor, Bauer, and Deemer failed to provide declarations. (Objections, Doc. 142, Pg. ID 1382-83.) Plaintiff, though, does not provide any rule or caselaw requiring declarations from all parties in order to succeed on a summary judgment motion. This Objection is also not well taken.

Finally, to the extent that Plaintiff points to Defendants' history of prior civil cases involving prisoners, the Court declines to consider these as evidence of their intent here. (*See* Objections, Doc. 142, Pg. ID 1384.) Not only are these facts not in the record, but they fail to address a specific finding of the Report. *See Miller,* 50 F.3d at 380. This Objection is not well taken.

### CONCLUSION

As required by 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), the Court has made a de novo review of the record in this case. Upon review, the Court finds that Plaintiff's Objections (Doc. 142) are not well taken and are accordingly **OVERRULED**. Thus, the Court **ADOPTS** Magistrate Judge Litkovitz's Report and Recommendations (Doc. 141) in its entirety and **ORDERS** the following:

1. Defendants' Motion for Summary Judgment (Doc. 122) is **GRANTED**;

2. This case is hereby **TERMINATED** from the Court's docket; and

3. Pursuant to 28 U.S.C. § 1915(a)(3), the Court **CERTIFIES** that an appeal

of this Order will not be taken in good faith.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND
